UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

ANGELIA D. GEX

      Plaintiff,

-v-

TOYS "R" US, Inc.

      Defendant.

Case No. C-3-06-338

Judge Thomas M. Rose

---

**ENTRY AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS (Doc. #13) AND TERMINATING THIS CASE**

---

Plaintiff Angelia D. Gex ("Gex") complains that Defendant Toys "R" Us discriminated against her based upon her race in violation of Title VII, 42 U.S.C. § 2000e et seq. Gex began working for Toys "R" Us as a manager on November 13, 1986, and her employment was terminated on November 6, 2003. Her employment was terminated for using another associate's discount card for a purchase made by a customer.

Gex is an African-American. She alleges that other white employees engaged in the same or similar practices but were not terminated and that she was replaced by a white male.

## PROCEDURAL BACKGROUND

As a result of the termination of her employment, Gex filed a dual charge of discrimination with the Ohio Civil Rights Commission and the U.S. Equal Employment Opportunity Commission ("EEOC"). (Compl. ¶ 5.) On August 19, 2004, the EEOC mailed a Notice of Right To Sue to Gex. (Id. ¶ 6.)

On November 16, 2004, Gex filed a Complaint with this Court alleging race discrimination (the "2004 Case"). Case No. 3:04-403 (doc. #1). Toys "R" Us answered on

January 27, 2004. *Id.* (doc. #6).  The Court issued a Preliminary Pretrial Order on March 29, 2005, *Id.* (doc. #10), and the Parties engaged in discovery.

On October 24, 2005, the 2004 Case was dismissed. *Id.* (doc. # 11). The entry captioned "Notice of Stipulated Dismissal" reads as follows: "Pursuant to Federal Rule 41(a)(1)(ii), the parties hereby stipulate to the dismissal of all claims <u>without</u> prejudice. Each party to bear its own costs." The Stipulated Dismissal is signed by counsel for Gex and counsel for Toys "R" Us.

On October 24, 2006, Gex filed the complaint in the instant action (the "2006 Case"). (Doc. #1.) The Complaint filed in the 2006 Case is the same as the Complaint filed in the 2004 Case.

On March 14, 2007, this Court ordered Gex to show cause as to why the 2006 Case should not be dismissed for failure to prosecute because Gex's time for filing a proof of service had expired on February 21, 2007. (Doc. #4.) Gex responded that she regretted not having timely responded but interrelated familial and financial issues prevented her from doing so. (Doc. #5.) Gex also indicated that counsel for Toys "R" Us confirmed that he would accept service of the re-filed complaint. In response, the Court gave Gex until not later than July 13, 2007, to file proof of service. (Doc. #6.)

On June 24, 2007, Gex filed a Waiver of Service of Summons that was signed by counsel for Toys "R" Us. (Doc. #7.) Toys "R" Us then filed the Motion To Dismiss (doc. #13) that is now before the Court in lieu of an answer. The Motion To Dismiss is now fully briefed and ripe for decision.

Toys "R" Us seeks to dismiss Gex's Complaint for failure to state a claim upon which relief may be granted, Fed. R. Civ. P. 12(b)(6). The standard of review will first be set forth

followed by an analysis of the Motion.

## STANDARD OF REVIEW

The purpose of a Rule 12(b)(6) motion to dismiss is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true. *Mayer v. Mylod*, 988 F. 2d 635, 638 (6th Cir. 1993)(citing *Nishiyama v. Dickson County, Tennessee*, 814 F.2d 277, 279 (6th Cir. 1987)). Put another way, "the purpose of a motion under Federal Rule 12(b)(6) is to test the formal sufficiency of the statement of the claim for relief; the motion is not a procedure for resolving a contest between the parties about the facts or the substantive merits of the plaintiff's case." 5B Charles Alan Wright and Arthur R. Miller, *Federal Practice and Procedure* § 1356 (3d ed. 2004).

The test for dismissal under Fed. R. Civ. P. 12(b)(6) is a stringent one. "[A] complaint should not be dismissed for failure to state a claim on which relief can be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hartford Fire Ins. Co. v. California,* 509 U.S. 764, 811 (1993)(quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). In addition, for purposes of the motion to dismiss, the complaint must be construed in the light most favorable to the plaintiff and its allegations taken as true. *Scheuer v. Rhodes,* 416 U.S. 232 (1974).

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "a ... complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." *Columbia Natural Resources, Inc. v. Tatum*, 58 F. 3d 1101 (6th Cir. 1995), *cert. denied*, 516 U.S. 1158 (1996). The Court "need not accept as true legal conclusions or unwarranted factual inferences*." Morgan v. Church's Fried Chicken,* 829

F. 2d 10, 12 (6th Cir. 1987).  Put another way, bare assertions of legal conclusions are not sufficient.  *Lillard v. Shelby County Bd. of Educ.*, 76 F. 3d 716, 726 (6th Cir. 1996).  It is only well-pleaded facts which are construed liberally in favor of the party opposing the motion to dismiss.  *Id.*; see also Wright & Miller, *supra*, §1357.

Factual allegations must be enough to raise a right to relief above the speculative level. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007), citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, p. 235-236 (3d ed. 2004). They must do something more than merely create a suspicion of a legally cognizable right. *Id.* Finally, a plaintiff must provide more than labels and conclusions, and a formulaic recitation of the elements of a cause of action is not enough. *Id.* at 1964-65 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

## ANALYSIS

Toys "R" Us seeks to have Gex's Complaint dismissed because she failed to file her Complaint in the 2006 Case, as required by law, within ninety days after receipt of the Notice of Right To Sue. Gex responds that Ohio's savings statute, Ohio Rev. Code § 2305.19[1], permits her to re-file her action within one year of the voluntary dismissal of the 2004 Case and because Toys "R" Us should be estopped from asserting a defense to the re-filing of her Complaint.

### The Relevant Law

A plaintiff seeking to assert Title VII discrimination claims must bring suit within ninety days of receiving a Notice of Right To Sue from the EEOC. 42 U.S.C. § 2000e-5(f)(1); *Baldwin*

---

[1] Gex refers to Ohio Rev. Code § 2305.29 as Ohio's savings statute but Section 2305.29 is titled "Abolition of certain civil actions" and discusses liability for breach of a promise to marry, alienation of affections or criminal conversation. Ohio Rev. Code § 2305.19 is Ohio's savings statute.

*County Welcome Center v. Brown*, 466 U.S. 147, 149 (1984). In addition, the Supreme Court has said that the "procedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants. *Baldwin County Welcome Center*, 466 U.S. at 152. For example, where the parties stipulated to the dismissal of a Title VII action pursuant to Fed. R. Civ. P. 41(a) a little more than a year after it was filed, the court dismissed a later-filed Title VII complaint bringing the same claims against the same parties as being time barred. *Canady v. Klaiber*, No. 1:04 CV 0711, 2007 WL 81858 at *3 (N.D. Ohio Jan. 8, 2007).

However, "the mere fact that a federal statute providing for substantive liability also sets a time limitation upon the institution of suit does not restrict the power of the federal courts to hold that the statute of limitations is tolled under certain circumstances not inconsistent with the legislative purpose."[2] *Leake v. University of Cincinnati*, 605 F.2d 255, 259 (6th Cir. 1979)(citing *American Pipe and Construction Co. v. Utah*, 414 U.S. 538, 559 (1974)). Yet, the instances in which time limits set in a federal statute are tolled are very limited. *Wilson v. Grumman Ohio Corp.*, 815 F.2d 26, 28 (6th Cir. 1987).

The limitations provided in a federal statute were tolled, for example, where the defendants' negotiations with the plaintiff, including making express statements tolling the statute, and plaintiff's reliance thereon, could reasonably have led the plaintiff to delay in the

---

[2]Time limitations "promote justice by preventing surprises through the revival of claims that have been allowed to slumber until evidence has been lost, memories have faded, and witnesses have disappeared." *Burnett v. New York Central Railroad Co.*, 380 U.S. 424, 428 (1965)(quoting *Order of Railroad Telegraphers v. Railway Express Agency, Inc.*, 321 U.S. 342, 348-49 (1944)). Further, the courts should be relieved of the burden of trying stale claims when a plaintiff has slept on his or her rights. *Id.*

filing of charges with the EEOC. *Leake*, 605 F.2d at 259. Also, the time limits may be tolled by "outside influences" such as insanity or minority. *Wilson*, 815 F.2d at 28. In another example, time limits were tolled when the defendant misled the plaintiff into believing that the plaintiff had more than three years in which to bring an action. *Burnett v. New York Central Railroad Co.*, 380 U.S. 424 (1965)(citing *Glus v. Brooklyn Eastern Dist. Terminal*, 359 U.S. 231 (1959)). Finally, the time limits have been tolled in situations where the plaintiff pursued an alternative judicial remedy in state court reasonably believing it to be available to her. *Wilson*, 815 F.2d at 28 (citing *Fox v. Eaton Corp.,* 615 F.2d 716 (6th Cir.1980), *cert. denied*, 450 U.S. 935 (1981)).

Yet, in all of the cases in which a court tolled a federal statute of limitations, the events supporting the tolling took place before the end of the tolling period. In other words, there are no instances, and Gex cites none, where a statute of limitations that had already run had been tolled. Said another way, if a statute of limitations has run, it cannot be tolled.

Absent some sort of equitable tolling, the filing of a complaint which is later dismissed without prejudice does not stop time limits set forth in the statute from running. *Wilson*, 815 F.2d at 27. A dismissal without prejudice "leaves the situation the same as if the suit had never been brought …" *Id.* (citing *Bomer v. Ribicoff,* 304 F.2d 427 (6th Cir.1962)). Further, if the period of limitations has run by the time of a dismissal without prejudice, any new action is generally untimely. *Wilson*, 815 F.2d at 28 (citing *Harris v. City of Canton, Ohio,* 725 F.2d 371, 376-77 (6th Cir.1984)). For example, a complaint that was initially dismissed without prejudice and was not refiled within the original ninety day period was correctly dismissed. *Id.*

Absent some sort of equitable tolling, a state tolling statue, such as Ohio's, also does not stop the time limits set forth in a federal statute such as Title VII. *Parrish v. HBO & Co.*, 85 F.

Supp. 2d 792, 797 (S.D. Ohio 1999). The Supreme Court has expressly rejected the use of Ohio's tolling statute to "save" an untimely claim under the Federal Employers' Liability Act which, like Title VII, contains its own time limits. *Id.* (citing *Burnett*, 380 U.S. 424). The Sixth Circuit has also refused to apply a state savings statute to revive an untimely federal claim where the federal statute contained its own time limitation. *Id.* (citing *Johnson v. Railway Express Agency, Inc.*, 489 F.2d 525, 530 (6th Cir. 1973), *cert. denied*, 417 U.S. 929 (1974)).

Application of the Law To the Facts of this Case

In this case, the EEOC mailed Gex her Notice of Right To Sue on August 19, 2004. She filed the 2006 Case, the one now before the Court, on October 24, 2006. The 2006 case was, therefore, filed more than two years after the Notice of Right To Sue was issued. Thus, since Gex did not file the 2006 case within ninety days of when the Notice of Right To Sue was issued, the 2006 case must be dismissed unless the time for filing is otherwise tolled, which it was not.

Gex first argues that the time for filing is tolled by Ohio's savings statute. However, Ohio's savings statute does not apply to Title VII claims, such as this, filed in federal court. The Supreme Court has expressly rejected the use of Ohio's savings statute to revive an untimely federal claim where the federal statute, such as the one at hand, contains its own time limitation.

Gex cites *Sain v. City of Bend*, 309 F.3d 1134 (9th Cir. 2002) for the proposition that, once a complaint is filed, the statute of limitations is tolled unless and until the district court dismisses the action and the state's tolling rules apply. However, this argument is not well founded. In *Sain*, a charge brought in federal court in Oregon, the court was addressing a § 1983 action. The *Sain* court found that the statute of limitations for § 1983 actions is borrowed from

state personal injury tort law and proceeded to apply Oregon's statute-of-limitations laws. 309 F.3d at 1138-39. In this case, however, Title VII contains its own statute of limitations and applicable time limits are not borrowed from state law.

Gex next argues that Toys "R" Us should be estopped from asserting a defense to the refiling of her Complaint. Her only argument in support is that Toys "R" Us agreed to and jointly signed a stipulated voluntary dismissal.

However, the 2004 Case was dismissed long after the ninety-day limitation had expired. Since, the ninety-day limitation had run, there was no statute of limitations to toll.

Also, should the ninety-day limitation not have run for some reason,  the agreement to a dismissal, without more, is not enough to invoke equitable tolling. There is no evidence or argument that Toys "R" Us was negotiating with Gex or that Toys "R" Us made express statements tolling the ninety-day requirement or that Gex was pursuing an alternative judicial remedy in another court. Therefore, Toys "R" Us should not be required to litigate the 2006 claim that is otherwise time-barred.

## CONCLUSION

Gex did not file the 2006 Claim, the Complaint that is now before the Court, within the ninety-day time limit established by Title VII, 42 U.S.C. § 2000e-5(f)(1). Further, Gex has not shown that Ohio's savings statute or equitable tolling apply to her case. Therefore, Toys "R" Us's Motion to Dismiss is GRANTED. Gex's Complaint is DISMISSED and the captioned cause is hereby ordered terminated on the docket records of this Court.

**DONE** and **ORDERED** in Dayton, Ohio, this Second day of October, 2007.

                  **s/Thomas M. Rose**

               _____
                  THOMAS M. ROSE
              UNITED STATED DISTRICT JUDGE

Copies furnished to:

Counsel of Record